

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MONICA C. MONTAGNET     PLAINTIFF

VS.     CIVIL ACTION NO. 1 10cv201 HSO-JMR

TRANSOCEAN LTD;
BP, PLC;
BP PRODUCTS NORTH AMERICA, INC.;
TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER, INC.;
HALLIBURTON ENERGY SERVICES, INC.;
CAMERON INTERNATIONAL CORPORATION f/k/a
COOPER CAMERON CORPORATION;
JOHN AND JANE DOES A - G; AND
CORPORATIONS W; X; Y AND Z     DEFENDANTS

## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW THE PLAINTIFF, Monica C. Montagnet, Individually, and on Behalf of All Others Similarly Situated, being all Mississippi property owners having littoral rights extending to the shore of the Gulf of Mexico, whose enjoyment and property values have been or will be adversely and detrimentally affected as a result of the events following April 22, 2010, when the semi-submersible drilling vessel *Deepwater Horizon* owned by Transocean LTD and leased by BP, PLC and/or BP Affiliated Companies exploded, burned, and sank off the coast of Mississippi and Louisiana, said Class being more precisely defined below, and file this Class Action Complaint against Defendants, and state as follows:

### INTRODUCTION

1. This is a class action under Rule 23 of the Federal Rules of Civil Procedure for actual compensatory damages and exemplary and/or punitive damages for the discharge of crude oil into

the Gulf of Mexico which has or may cause or contribute to cause injury and damages to the Plaintiff. It is the purpose of this class action suit to address and resolve on a class basis the injuries and damages suffered by the Plaintiff as it applies to a class of all plaintiffs in Hancock, Harrison, and Jackson Counties in Mississippi.

2. Plaintiff, Monica C. Montagnet, is an adult resident citizen of Harrison County, Mississippi. The Plaintiff owns residential property in Pass Christian, MS, and her property rights extend south of Highway 90 and to the shore of the Gulf of Mexico. As such, Plaintiff enjoys littoral rights for the use and enjoyment of the beach property. Plaintiff brings this action individually and on behalf of a Class of all "property owners" in Hancock, Harrison and Jackson Counties, Mississippi as defined in the "Class Definition" below.

3. Defendant Transocean LTD. (hereafter "Transocean") is a Texas corporation doing business in the United States of America, with its corporate headquarters located at 4 Greenway Plaza, Houston, Texas 77046. Upon information and belief, at all times relevant to this Class Action Complaint, Transocean was authorized to conduct offshore oil drilling operations using the semi-submersible drilling rig *Deepwater Horizon* in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico. Transocean may be served with process on its agent for service, Eric B. Brown located at 4 Greenway Plaza, Houston, Texas 77046 and/or otherwise in accordance with law.

4. Defendant BP, PLC is an international corporation doing business in the United States of America with its corporate headquarters at 1 St. James' Square, London, United Kingdom. Defendant BP, PLC maintains a corporate office in the United States of America at 501 Westlake Park Boulevard, Houston, Texas. Upon information and belief, at all times relevant to this Class Action Complaint, Transocean was authorized to conduct offshore oil drilling operations using the

2

semi-submersible drilling rig *Deepwater Horizon* in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

5. Defendant BP Products of North America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America. All allegations and claims asserted herein against Defendant BP, PLC are incorporated by reference against BP Products of North America, Inc. BP Products of North America, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

6. Defendant BP America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America. All allegations and claims asserted herein against Defendant BP, PLC are incorporated by reference against BP America, Inc. BP America, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

7. Transocean Offshore Deepwater Drilling, Inc. is a Transocean Ltd. affiliated corporation doing business in the United States of America. Transocean Offshore Deepwater Drilling, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

8. Transocean Deepwater, Inc. is a Transocean Ltd. affiliated corporation doing business in the United States of America. Transocean Deepwater, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

9. Halliburton Energy Services, Inc. is a Delaware corporation doing business in the United States of America and licensed to do business in the State of Mississippi. Halliburton Energy Services, Inc. may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the

Federal Rules of Civil Procedure and law.

10. Cameron International Corporation f/k/a Cooper Cameron Corporation is a Delaware corporation doing business in the United States of America. Cameron International Corporation may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

11. Defendants John and Jane Does A; B; C; D; E; F; and G are persons or entities whose identities and/or proper corporate names are currently unknown. All allegations and claims asserted herein against Defendants Transocean, LTD and BP, PLC are incorporated by reference against John and Jane Does A through G. If necessary and appropriate, said John Does A through G will be identified by proper name and joined in this action pursuant to the Federal Rules of Civil Procedure when such identities are discovered.

12. Defendants Corporations W; X; Y and Z are corporations or companies whose identities and/or proper corporate names are currently unknown. All allegations and claims asserted herein against Defendants Transocean, LTD and BP, PLC are incorporated by reference against John and Jane Does A through G. If necessary and appropriate, said John Does A through G will be identified by proper name and joined in this action pursuant to the Federal Rules of Civil Procedure when such identifies are discovered.

## CLASS DEFINITION

13. The Plaintiff brings this action on her own behalf and as a Class Representative on behalf of the Class of others similarly situated in accordance with Rule 23 of the Federal Rules of Civil Procedure. The Class upon whose behalf this suit is brought is defined as follows:

> "All Hancock, Harrison and Jackson County, Mississippi property owners who have littoral interests in property that has been contaminated or polluted as a result of the acts and omissions of the Defendants."

Alternatively, Plaintiff seeks to represent other Classes or Sub-Classes as the Court deems appropriate. Certification of the Class, as described above is sought in this case for the purpose of the relief sought in Paragraphs 14 through 40, below.

## JURISDICTION & VENUE

14. Jurisdiction is proper in this Court with regard to this class under (1) 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs; and under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interests and costs. Venue is proper in this Court under 28 U.S.C. §1391, the general venue statute, including subsections (a) and (c) thereof.

## FACTS COMMON TO THE CLASS

15. Transocean, Ltd, Transocean Offshore and Transocean Deepwater (collectively hereafter "Transocean") are the owners and/or operators of the *Deepwater Horizon* semi-submersible oil drilling rig, which was performing drilling completion operations for BP, BP Products, and BP America (collectively hereafter "BP") in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico on or about April 20, 2010.

16. BP Products, and BP America (collectively hereafter "BP") are the holder of a lease granted by the Minerals Management Service which allows BP to drill for oil and perform oil-production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well

5

that is the source of the oil spill.

17. Upon information and belief, Cameron International manufactured and/or supplied the *Deepwater Horizon*'s blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. Upon information and belief, the "BOP's" were defective because they failed to operate as intended. To this extent, Cameron is liable to the Plaintiff and the Class for supplying this defective product in addition to being liable for its negligence, gross negligence, and/or willful, wanton, and reckless conduct.

18. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressures at the well and causing and/or contributing to cause the fire, explosion, and resulting oil spill.

19. On or about April 20, 2010, Transocean was operating the semi-submersible oil drilling rig *Deepwater Horizon* in the Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

20. On or about April 20, 2010 the *Deepwater Horizon* caught fire and exploded. As a result of the fire and explosion, the crew of the *Deepwater Horizon* abandoned the vessel. Of the 126 member crew, 11 of the crew are unaccounted for, and 17 members of the crew were injured.

21. On or about April 22, 2010, the *Deepwater Horizon* sank.

22. As a result of the fire, explosion, and sinking of the *Deepwater Horizon*, the oil well drilled by the *Deepwater Horizon* began to leak crude oil into the Gulf of Mexico at a rate of at least 5,000 barrels (210,000 gallons) per day. As of the time of the filing of the Class Action Complain, a massive effort has been launched by the United States Government, and the Defendants to contain the large amount of continuing crude oil discharge. As of the time of the filing of this Class Action

Complaint, the oil well continues to discharge crude oil into the Gulf of Mexico. The resulting discharge has created an oil slick of emulsified crude quickly approaching the shorelines of Louisiana and Mississippi.

23. The massive oil slick created by the continuing discharge of crude oil into the Gulf of Mexico has or will cause injures and damages to the Class to the extent that the Mississippi Gulf Coast beaches is polluted or contaminated, causing damage to the Plaintiff in the form of loss of enjoyment of and loss of value to, her property.

24. The injuries and damages suffered by the Plaintiff and the Class were caused by violations of applicable statutes and regulations.

25. There are many other effects from the spill that have not yet become known, and Plaintiff specifically reserves the right to amend this Complaint when additional information becomes available.

## CLASS ALLEGATIONS

26. Plaintiff brings this Class Action pursuant to Federal Rules of Civil Procedure 23(a) on her own behalf and on behalf of the Class described below:

> (1) Plaintiff is a member of the Class she seeks to represent;
>
> (2) The Class consists of at least hundreds of individuals and are therefore so numerous that joinder of all members if impracticable;
>
> (3) The questions of law or fact are common to the Class.
>
> (4) The claims of the Plaintiff are typical of the Class because they are all members of the Classes. Plaintiff and all members of the Class have or will sustain damages as a result of the nuisance, trespass, negligence, gross

7

negligence, and recklessness of the Defendants.

(5)   The Plaintiff will fairly and adequately protect the interests of the Classes.

27.   Plaintiff further brings this Class Action pursuant to Federal Rules of Civil Procedure Rule 23(b)(1) and 23(b)(3) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants; adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other member not parties to the individual adjudications and would substantially impair their ability to protect their interests; and the questions of law or fact common to the Members of the Classes predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28.   Plaintiff has retained competent and experienced counsel in matters such as these. Counsel is committed to vigorous prosecution of this action.

29.   The expense and burden of litigation would substantially impair the ability of many of the Class to pursue individual cases to protect their rights.

## CAUSES OF ACTION

### NEGLIGENCE, GROSS NEGLIGENCE, WILLFULLY, WANTON AND CARELESS DISREGARD FOR THE PLAINTIFF

30.   Plaintiff reasserts and re-alleges the allegations of paragraphs 1 through 29 above as if set forth herein in full words and figures.

31.   The Defendants, and each of them, were negligent, grossly negligent, and/or acted with willful, wanton, and careless disregard for the rights of the Plaintiff and the Class with regard

8

to the operation of the *Deepwater Horizon* on or about April 20, 2010, and continuing to present.

32. Defendants, and each of them, are liable to the Plaintiff for:

   a. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiff and Class for its failure to adequately and thoroughly operate the offshore drilling rig *Deepwater Horizon* allowing for the discharge of crude oil into the waters of the Gulf of Mexico;

   b. Negligently, grossly negligent, and/or willful, wanton and careless disregard for the rights of the Plaintiff and Class for its failure to provide adequate safeguard(s), including but not limited to the installation of a remote control acoustic switch, to prevent the discharge of crude oil in to the waters of the Gulf of Mexico;

   c. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiff and Class for its failure to comply with Federal and/or State Law;

   d. Negligence *per se* for acting in contravention of established Federal and/or State Law;

   e. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for its failure to properly inspect the *Deepwater Horizon* to ensure that its equipment and personnel were fit for their intended purpose;

   f. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for its failure to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the *Deepwater Horizon* which, if they had

been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

g. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for operating the *Deepwater Horizon* with untrained and unlicensed personnel;

h. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for inadequate and negligent training and hiring of personnel;

i. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

j. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for employing untrained or poorly trained employees and failing to properly train their employees;

k. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failing to ascertain that the *Deepwater Horizon* and its equipment were free from defects and/or in proper working order;

l. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to timely warn;

m. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to timely bring the oil release under control;

n. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to provide appropriate accident prevention equipment;

o. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to observe and read gauges that would have indicated excessive pressures in the well;

p. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to react to danger signs;

q. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for providing BOP's that did not work properly;

r. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for conducting well and well cap cementing operations improperly;

s. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for acting in a manner that justifies imposition of punitive damages;

t. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to develop and maintain an appropriate plan to respond to a blowout;

u. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failing to adequately implement an appropriate plant to respond to a blowout;

v. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failing to develop and maintain an appropriate plan to respond to and contain a massive oil spill;

w. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failing to adequately implement an appropriate plan to respond to and

11

      contain a massive oil spill; and

  x. Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the Federal law and/or State Laws applicable on the outer Continental Shelf.

33. As a direct and proximate result of the acts or omissions set forth in the preceding paragraphs, the Plaintiff and the Class have suffered or will suffer injuries and damages caused and/or contributed to be caused as a result of the negligence, gross negligence, and careless disregard for the rights of the Plaintiff and the Class.

## PUBLIC AND PRIVATE NUISANCE

34. Plaintiff reasserts and re-alleges the allegations of paragraphs 1 through 33 above as if set forth herein in full words and figures.

35. Defendants have created both a public and private nuisance by allowing oil from their facility to escape and drift onto the beaches fronting Plaintiff's property. Such nuisances have interfered with and deprived Plaintiff of and continue to interfere with and deprive Plaintiff of the quiet enjoyment and peaceful possession of her property. Such nuisances have also caused the Plaintiff's property value to decrease. Defendants are liable to Plaintiff for the injuries and damages that Plaintiff has suffered and continues to suffer as result of the nuisances Defendants created.

## TRESPASS

36. Plaintiff reasserts and re-alleges the allegations of paragraphs 1 through 35 above as if set forth herein in full words and figures.

37. Defendants have trespassed and continue to trespass by allowing oil to escape their facility and drift onto the beaches fronting the Plaintiff's property. Defendants are liable to Plaintiff

for all injuries and damages resulting from such trespass.

## DAMAGES

38. Plaintiff incorporates all preceding paragraphs as set forth herein.

39. As a direct and proximate result of the conduct, actions, inactions, and behavior of the Defendants, and each of them, as more fully set forth in the preceding paragraphs, Plaintiff and the Class have suffered or will suffer and are entitled to receive from these Defendants significant damages, including but not limited to damages to real property; economic losses resulting from destruction of real property; damages for the loss of use and enjoyment of the real property; compensatory damages; actual damages; costs and expenses; and other incidental damages, all to the general damages of Plaintiff and the Class, said damages being in an amount to be determined at a trial of this cause. Plaintiff and the Class also seek pre-judgment and post-judgment interest.

40. Moreover, Defendants, and each of them, willfully, wantonly, and/or with careless disregarding for the Plaintiff and the Class treated Plaintiff and the Class with such gross and reckless negligence, or in such a reckless disregard for their rights as equivalent to such a wrong, thereby entitling Plaintiff and the Class to punitive damages in a sum to be determined at a trial of this cause, but which is sufficient to punish Defendants, and each of them, and to deter these Defendants, and each of them, and others similarly situated from engaging in similar conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Individually, and on Behalf of All Other Similarly Situated asks this Court to enter an order certifying the Class, enter an Order appointing Plaintiff as Class Representatives and appointing undersigned counsel as counsel for the Class; and enter Judgment finding that the Defendants, and each of them, liable to the Plaintiff and

the Class jointly and severally, for actual, compensatory and punitive damages, including but not limited to attorneys' fees and other incidental costs and expenses, in an amount to be determined at a trial of this cause, together with prejudgment and post judgment interest and any and all additional relief in favor of Plaintiff and the Class deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED this the 7th day of May, 2010.

_____
W. THOMAS MCCRANEY (MB #10171)
Attorney for Plaintiff

OF COUNSEL:

McCraney Montagnet & Quin, PLLC
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939